## E. T. PARKER, Sheriff, *v.* UNION INSURANCE COMPANY.

Where the Sheriff of Orleans, having a steamboat in custody, insured her "against harbor risks in the port of New Orleans," and she sank in port—*Held :* That in an action by the Sheriff to recover the amount of insurance, neither of the parties litigant being able to assign the specific cause of the disaster, the law will presume the unseaworthiness of the boat, and the burden of proof is on the owner to show the contrary

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J. *Hunt & Denègre,* for plaintiff. *G. Legardeur,* for defendant and appellant.

VOORHIES, J. The steamboat Tennessee Belle being under seizure, the Sheriff of the parish of Orleans had her insured "against harbor risks in the port of New Orleans."

The boat sank in port; and, damages to the amount of $1,966 50 having ensued, the Sheriff instituted this suit against the Insurance Company for the recovery of this claim.

The defence is that the Tennessee Belle was, at the time, unseaworthy; and that the loss is attributable to the carelessness of those having her in charge.

The evidence shows conclusively that the boat was seaworthy; and that the plaintiff and his agents were vigilant in the taking care of this property. The accident took place at 2 o'clock—past midnight; and neither of the parties litigant have been able to assign the specific cause of the disaster. From this state of facts the law presumes the unseaworthiness of the vessel,—a presumption which it is incumbent on the owner to rebut by proof to the contrary. But this, as we have already stated, has been done by the plaintiff. *Marcy* v. *Sun Mutual Insurance Company,* 11 An. p. 749, and 14 An. p. 264.

It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed, with costs.