EDWIN P. TREAT *versus* THE UNION INSURANCE COMPANY.

In the trial of an action on a policy of insurance upon a vessel, the burden of proof is not upon the plaintiff to show in the first instance the seaworthiness of the vessel at the inception of the voyage.

In the outset, the presumption is that all things are as they should be in this respect.

The burden of proof would be changed if it appeared that the vessel, without being subjected to any stress of weather, or to any unusual buffeting of the seas or other extraordinary peril, had suddenly foundered and gone down with all sails set shortly after leaving port.

A mere report of the evidence, made upon a motion to set aside the verdict as being against evidence, may be amended at any time before a final hearing before the full Court.

---

Treat *v.* The Union-Insurance Co.

On Exceptions and Motion to set aside the verdict as being against the weight of evidence.

Assumpsit on a policy of insurance effected on the schooner R. H. Perkins, which left Bangor June 12, 1866, and, after being delayed at Bucksport several days, on account of head winds and bad weather, left the latter port, June 20, and foundered the next day, with all sails set.

The counsel for the defendants requested the presiding Judge to instruct the jury that the burden of proof was on the plaintiff to show, in the first instance, that the vessel was seaworthy at the inception of the voyage; but the presiding Judge declined to give the requested instruction, but did instruct them that the vessel was presumed to be seaworthy at the commencement of the voyage. And the defendants alleged exceptions.

The original report was by leave of Court made by the defendants, during the illness of the plaintiff's counsel, and after adjournment of the *nisi prius* term. After the report was certified and the case entered on the district docket and a time assigned for the argument, and the defendant's argument had been passed over to the plaintiff's counsel, the presiding Judge, upon motion and proof, amended the report.

*N. Abbott & Wilson,* for the defendants.

*Jewett,* for the plaintiff.

Barrows, J. — The position assumed by the defendants that the burden of proof was on the plaintiff to show, in the first instance, the seaworthiness of the vessel at the inception of the voyage, and the instruction requested in conformity therewith, were not correct. In the outset, the presumption is that all things are as they should be in that respect. *Taylor* v. *Lowell,* 3 Mass., 347; *Paddock* v. *Franklin Ins. Co.,* 11 Pick., 226. If anything appear in the evidence relating to the manner and circumstances of the loss, to repel that presumption and change the burden of proof as to seaworthiness, it would be for the defendant to

Treat *v.* The Union Insurance Co.

call the attention of the Court thereto and request instructions dependent upon the finding by the jury of the facts upon which he relies. That the burden of proof in this respect would be changed if it appeared that the vessel, without being subjected to any stress of weather, or to any unusual buffeting of the seas or other extraordinary peril, had suddenly foundered and gone down with all sails set, shortly after leaving port, is undoubtedly true. *Paddock v. Franklin Ins. Co., ubi supra.*

But, whether that was this case or not, was for the jury to determine, and no request for instructions based upon such a contingency seems to have been made. The exceptions must be overruled.

We see no objection to amending a mere report of the evidence given at the trial, and reported upon a motion to set aside the verdict as against evidence, at any time before the case comes on for a final hearing before the Court, if it is made to appear, to the satisfaction of the Judge presiding at the trial, that truth requires that it should be amended.

With regard to the motion for a new trial on that ground in this case; while a review of the testimony makes the foundering of the vessel, under the circumstances described, seem not a little mysterious, and we might, perhaps, be inclined to differ from the jury as to her seaworthiness at the inception of the voyage, — still, it was a question for them to pass upon, and we cannot say that their decision was so palpably against the evidence as to justify us in setting aside the verdict. *Motion and exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON and DANFORTH, JJ., concurred.

KENT, J., dissented.