Submitted on briefs September 14, reversed and remanded October 3, 1917.

## McKERN v. THE CORPORATION OF THE ROYAL EXCHANGE ASSURANCE.

(167 Pac. 795.)

**Insurance—Action on Policy—Sufficiency of Evidence.**

1. Before plaintiffs are entitled to judgment on a policy they have to show the amount of loss sustained.

**Insurance—Marine Insurance—Cause of Loss.**

2. Under a policy insuring against the perils of the waters, it was incumbent on plaintiffs to show that the sinking of the boat. was caused by the perils insured against.

**Insurance—Marine Insurance—Presumption and Burden of Proof.**

3. If there is evidence showing that ·a vessel was lost or damaged on encountering some peril insured against, the presumption is that the vessel was seaworthy, and the burden rests upon the insurer to show the contrary.

**Insurance—Marine Insurance—Presumption and Burden of Proof.**

4. When a loss occurs which cannot be ascribed to stress of weather,. or to any accident which might possibly have produced it, the presumption is that the vessel was defective and not seaworthy, and the burden of proving otherwise is on the insured.

    [As to what is within the law of seaworthiness in marine insurance, see note in 33 Am. Dec. 33.]

From Multnomah: William N. Gatens, Judge.

Action by E. L. McKern and M. S. Hughes against The Corporation of the Royal Exchange Assurance (of London) to recover on a policy of insurance the damages resulting from the sinking of plaintiff's motor boat in the waters of the Willamette River. From a judgment in favor of plaintiffs, defendant appeals. Submitted on briefs under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi). Reversed and remanded.

In Banc.   Statement by Mr. Justice Harris.

This is an action on an insurance policy. The plaintiffs owned a motor boat upon which the defendant had issued a policy insuring

"while in port and at sea * * at all times and in all places upon the Columbia River and its tributaries, the tackle, apparel, materials, fittings, furniture, electric light installation, and all machinery and boilers, * * against the perils of the waters."

The complaint alleges that while the boat was in port upon the waters of the Willamette River, a tributary of the Columbia River, it "sank and became submerged in the waters of the Willamette River," and damaged the injured property to the extent of $254.75.

The answer denies the allegation of damage and alleges that "at the time of the injury" the hull of the boat

"was rotten and in an unseaworthy condition, and that the plaintiffs well knew said fact, and that they carelessly and negligently tied said boat while in said condition in a boat house at Portland in such a manner that the said boat sunk and caused the injury complained of, and that the sinking of the said boat and the injury complained of was due solely to the unseaworthy condition of said boat and the fact that

the hull was rotten, as aforesaid, and to the fact that the plaintiffs, while said boat was in said condition, carelessly and negligently tied said boat in a boat house in such a manner that the same would sink on account of its own unseaworthiness and said rotten hull, and under said policy, the defendant did not insure said boat, or anything thereon above enumerated, against the loss, injury or damage occasioned or resulting in the manner or for the causes which damaged said boat and its equipment.''

The answer also contains averments to the effect that by the express terms of the policy the defendant was exempt from liability for

''loss of or damage to hull or machinery through the negligence of master, mariners, engineers or pilots, or through explosions, bursting of boilers, breakage of shafts, or through any latent defect in the machinery or hull, provided such loss or damage has not resulted from want of due diligence by the owners of the yacht, or any of them, or by the manager; but free from any claim for the part in which latent defect existed.''

The reply denied that the boat was unseaworthy or that the plaintiff carelessly tied the boat in a boat house or that the policy contained the exemption provision pleaded by the defendant.

The action was commenced in the District Court for Multnomah County and a trial resulted in a judgment for the plaintiff. The defendant then appealed to the Circuit Court. When the cause was called for trial in the Circuit Court the plaintiffs contended that the burden of proving unseaworthiness rested upon the defendant while the latter insisted that the burden was upon the plaintiffs to show that the boat was seaworthy. The court ruled that it was incumbent upon the insurer to prove unseaworthiness, and thereupon the defendant announced that it would not offer

any evidence; and then without offering any evidence to sustain any of the allegations of the complaint the plaintiffs moved for a judgment "confirming the judgment of the lower court," while the defendant "moved the court for an order of nonsuit on the ground that plaintiffs have failed to produce any testimony." The motion for a judgment of nonsuit was denied; the motion of the plaintiffs was allowed and the court granted a judgment against the defendant for $254.75. The defendant appealed.

Reversed and Remanded.

For appellant there was a brief over the name of *Messrs. Fulton & Bowerman.*

For respondents there was a brief over the name of *Mr. Morris A. Goldstein.*

Mr. Justice Harris delivered the opinion of the court.

1. The pleadings presented two issues: One concerned the liability of the defendant, and the other related to the amount of the loss sustained by the plaintiffs. To determine that the insurer is liable is only to take one of the two steps required to be taken before the plaintiffs are entitled to a judgment, for the insured have yet to show the amount of the loss sustained by them; and, hence, the judgment cannot be sustained. No evidence was offered upon any subject and consequently there was no evidence to warrant a judgment for $254.75, even though it be assumed that the defendant is liable: 26 Cyc. 726.

2-4. The pleadings admit that the boat sank while in port, but there is not a word of evidence to show the cause of the sinking. If the loss did not occur from

some cause insured against, the plaintiffs cannot re-
cover; and it was therefore incumbent upon the plain-
tiffs to show that the sinking was probably caused by
one of the perils insured against: *Cory* v. *Boylston
F. & M. Ins. Co.*, 107 Mass. 140 (9 Am. Rep. 14);
*Soelberg* v. *Western Assur. Co.*, 119 Fed. 23 (55
C. C. A. 601); 26 Cyc. 723, 730. If there is evidence
showing that a vessel was lost or damaged upon en-
countering some peril insured against, the presump-
tion is that the vessel was seaworthy and the burden
rests upon the insurer to show that the vessel was
unseaworthy; but when a loss occurs which cannot be
ascribed to stress of weather, or to any accident which
might by possibility have produced it, the fair and
natural presumption is that the vessel was defective
and not seaworthy, and the burden of proving that,
in fact, she was seaworthy is then thrown on the in-
sured: *Higgie* v. *American Lloyds*, 14 Fed. 143, 147
(11 Biss. 395); *Parker* v. *Union Ins. Co.*, 15 La. Ann.
688; *Dupeyre* v. *Western M. & F. Ins. Co.*, 2 Rob.
(La.) 457 (38 Am. Dec.) 218; *Deshon* v. *Merchants'
Ins. Co.*, 52 Mass. (11 Met.) 199; *Barnewall* v. *Church*,
1 Caines (N. Y.), 217 (2 Am. Dec. 180); *Snethen* v.
*Memphis Ins. Co.*, 3 La. Ann. 474 (48 Am. Dec. 462);
*Treat* v. *Union Ins. Co.*, 56 Me. 231 (96 Am. Dec. 447);
*Perry* v. *Cobb*, 88 Me. 435 (34 Atl. 278, 49 L. R. A.
389); *Miller* v. *South Carolina Ins. Co.*, 2 McCord
(S. C.), 336 (13 Am. Dec. 734); *Rugely* v. *Sun Mut.
Ins. Co.*, 7 La. Ann. 279 (56 Am. Dec. 603); *Martin* v.
*Fishing Ins. Co.*, 20 Pick. (37 Mass.) 389 (32 Am. Dec.
220); *Wallace* v. *De Pau*, 1 Brev. (S. C.) 252 (2 Am.
Dec. 662); *Talcot* v. *Commercial Ins. Co.*, 2 Johns.
(N. Y.) 124 (3 Am. Dec. 406); *The Orient*, 16 Fed.
916 (4 Woods, 255); *Swift* v. *Union Mut. Marine Ins.*

*Co.*, 122 Mass. 573; 26 Cyc. 723; 7 Enc. of Ev. 549; 14 R. C. L., p. 1046, § 223. The plaintiffs did not make a sufficient record to support the judgment. The judgment is reversed and the cause is remanded for further proceedings.        REVERSED AND REMANDED.